UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ALBERT HICKS,

                    Petitioner,

        -against-

M. CAPRA,

                    Respondent.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
13–CV–3316 (JMA)

**FILED
CLERK**

5/30/2017 12:28 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

APPEARANCES:

Albert Hicks
Inmate # 09-A-2706
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562
    *Pro Se Petitioner*

Alyson Gill
New York State Attorney General's Office
    *Attorney for Respondent*

Glenn Green
Assistant District Attorney
Suffolk County District Attorney's Office
200 Center Drive
Riverhead, NY 11901
    *Attorney for Respondent*

**AZRACK, United States District Judge:**

      Albert Hicks, proceeding pro se, petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254. After a jury trial in state court, Hicks was convicted of burglary in the first degree. He is presently incarcerated and serving a sentence of 15 years imprisonment.

      In his petition, Hicks raises two grounds for relief. He argues: (1) that he was denied counsel at his October 30, 2007 arraignment; and (2) that he received ineffective assistance of

1

appellate counsel to the extent that appellate counsel failed to raise the first ground as an issue on direct appeal. Hicks also requests a hearing, in the event the Court determines a hearing is needed. For the reasons set forth below, Hicks's petition for a writ of habeas corpus is denied in its entirety, and his request for a hearing is denied.

## I. BACKGROUND

### A. Pre-Trial Proceedings

Hicks was arrested on October 29, 2007 in connection with a home-invasion burglary that resulted in his accomplice's death. Hicks was arraigned on a felony complaint in Suffolk County District Court on October 30, 2007. Although Hicks maintains that he was denied counsel during the arraignment, minutes from the arraignment reveal that he was represented at the time. (Oct. 30, 2007 Arraignment Tr. (listing Sean Dixon, Esq. as attorney for defendant and recording several statements made by Mr. Dixon on his client's behalf).) After hearing from the parties, the district court set bail at $1,000,000 in cash. (Oct. 30, 2007 Arraignment Tr. 7:4–5.)

On November 1, 2007, a Grand Jury handed down Indictment No. 03364-2007, charging Hicks with burglary in the first degree under New York Penal Law § 140.30(1) ("Count One"), burglary in the first degree under New York Penal Law § 140.30(4) ("Count Two"), and criminal possession of a weapon in the second degree under New York Penal Law § 265.03(3) ("Count Three"). Hicks pled not guilty to all three charges at a second arraignment held on the indictment on November 7, 2007. (Superior Court Securing Order, Nov. 1, 2007.)

### B. The Trial and Conviction

On March 31, 2009, after trial, a jury convicted Hicks of burglary in the first degree on Count Two of the indictment. He was acquitted on Counts One and Three. On May 13, 2009,

Hicks was sentenced as a prior felony offender to a determinate term of 15 years imprisonment with five years post-release supervision.

### C. Post-Conviction Proceedings

#### 1. The Direct Appeal

With the aid of appellate counsel, Hicks appealed his sentence on six grounds: (1) the trial court erred when it failed to declare a mistrial as a result of a juror "interposing his own expertise with guns during jury deliberations"; (2) the trial court erred in admitting photographs of cartridges recovered from Hicks's car as they were prejudicial; (3) the finding of guilt on Count Two of the indictment was inconsistent with acquittals on Counts One and Three; (4) the evidence at trial was insufficient to support a finding of guilt beyond a reasonable doubt; (5) the trial court erred in limiting defense counsel's cross-examination of one of the People's witnesses; and (6) the sentence imposed was excessive. (See Def.'s App. Div. Br., ECF No. 6.) None of these grounds concerned his alleged denial of counsel at his arraignment. On October 11, 2011, the Second Department rejected Hicks's arguments and affirmed his conviction. People v. Hicks, 88 A.D.3d 817 (N.Y. App. Div. 2d Dep't 2011). Hicks requested leave to appeal. The New York Court of Appeals denied that leave on February 1, 2012. Hicks did not petition the United States Supreme Court for a writ of certiorari.

#### 2. The § 440.10 Motion

In October 2012, Hicks, proceeding pro se, filed a motion to set aside his judgment of conviction pursuant to New York Criminal Procedure Law ("CPL") § 440.10 with the Suffolk County Supreme Court. (Def.'s 440.10 Mot., Oct. 1, 2012.) He also moved for an evidentiary hearing. Hicks raised only one argument in support of vacatur. He argued that his judgment of conviction should be set aside because he was denied his right to counsel at his October 30, 2007

3

arraignment on the felony complaint. On January 17, 2013, Justice Martin I. Efman, the same justice who had presided over Hicks's trial, denied the motion without a hearing. (Order Denying Def.'s 440.10 Mot., Jan. 17, 2013.)

Justice Efman denied Hicks's motion as procedurally barred and, in the alternative, as meritless. First, Justice Efman determined that Hicks's claim regarding denial of counsel was procedurally barred.[1] The court reasoned that Hicks had the opportunity to raise this claim on direct appeal, but failed to do so. Accordingly, he was precluded from raising the issue collaterally. In the alternative, the court found that Hicks's denial of counsel claim was meritless. After conducting an independent review of the minutes from the October 30, 2007 proceeding, Justice Efman concluded that Hicks was, in fact, represented by counsel at the time of his initial arraignment.

Hicks appealed. The Second Department denied leave to appeal on April 26, 2013. People v. Hicks, 2013 NY Slip Op 72062(U) (N.Y. App. Div. 2d Dep't 2013).

### 3. The Instant Petition

On May 30, 2013, Hicks, proceeding pro se, timely submitted the instant Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

---

[1] The state court decision reads: "[D]efendant's claim is procedurally barred from review pursuant to [CPL] § 440.10(2)(d)." This appears to be a typographical error, and the Court assumes that the state court actually determined Hicks's claim was procedurally barred pursuant to CPL § 440.10(2)(c). CPL § 440.10(2)(d) requires a state court to deny a motion to vacate a judgment when "[t]he ground or issue raised relates solely to the validity of the sentence and not to the validity of the conviction"—an issue not raised by the movant or discussed by the state court in its decision. CPL § 440.10(2)(c), however, requires a state court to deny a motion to vacate a judgment when a movant unjustifiably fails to raise a ground or issue in his direct appeal—the reasoning cited by the state court in its decision.

4

## II. DISCUSSION

### A. Standard of Review

#### 1. Overview of AEDPA

Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (1996), to restrict "the power of federal courts to grant writs of habeas corpus to state prisoners." Williams v. Taylor, 529 U.S. 362, 399 (2000) (O'Connor, J., concurring). Under AEDPA, a district court will "entertain an application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To make that showing, the petitioner must satisfy three hurdles: (1) the exhaustion of state remedies, (2) the absence of a procedural bar, and (3) the satisfaction of AEDPA's deferential review of state court decisions. See 28 U.S.C. § 2254.

#### 2. Exhaustion

Generally, a court cannot review a habeas petition unless the petitioner "has exhausted the remedies available" in state courts. 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is designed to provide state courts with the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Jackson v. Edwards, 404 F.3d 612, 619 (2d Cir. 2005) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). Therefore, the petitioner must show that he fairly presented his federal claim to the highest state court from which a decision can be rendered. Daye v. Att'y Gen. of N.Y., 696 F.2d 186, 190 n.3 (2d Cir. 1982) (en banc). Although the petitioner need not "'cite chapter and verse of the Constitution in order to satisfy this requirement,' he must tender his claim 'in terms that are likely to alert the state courts to the claim's federal nature.'" Jackson v. Conway, 763 F.3d 115, 133 (2d Cir. 2014) (quoting Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011)).

5

Where, as here, the petition is a "mixed petition," containing both exhausted and unexhausted claims, the court can deny the unexhausted claims if they are meritless. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); Ortiz v. Marshall, No. 08-CV-8815, 2009 WL 3170300, at *5 (S.D.N.Y. Sept. 30, 2009) ("Federal courts retain the discretion to deny a petition including unexhausted claims on the merits when it deems those claims to be patently frivolous.").

### 3. Procedural Default

A federal court will not review a habeas petition "when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" Cone v. Bell, 556 U.S. 449, 465 (2009) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)). For this reason, under the doctrine of procedural default, a federal court will not review "the merits of claims, including constitutional claims, that a state court declined to hear because the petitioner failed to abide by a state procedural rule." Martinez v. Ryan, 556 U.S. 1, 9 (2012). When a state court has dismissed a claim on such a procedural ground, the petitioner is procedurally barred from raising that claim in a § 2254 petition unless the petitioner can meet certain exceptions explained below.

This procedural bar applies even if the state court also addressed a claim's merits in the alternative. Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990) (per curiam); see also Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) (observing that "a state court need not fear reaching the merits of a federal claim in an alternative holding" where the court explicitly invokes a procedural rule as an independent ground for its decision) (emphasis in original).

A petitioner may overcome a procedural bar by demonstrating either (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law" or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. To demonstrate cause, petitioner must establish that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule": for example, that the factual or legal basis for a claim was not reasonably available to counsel or that "some interference by officials . . . made compliance impracticable." Murray v. Carrier, 477 U.S. 478, 488 (1986) (internal quotation marks and citations omitted). A petitioner may also satisfy the cause requirement by demonstrating that the failure of his attorney to comply with state procedural rules denied him constitutionally adequate representation. See Tavarez v. Larkin, 814 F.3d 644, 650 (2d Cir. 2016), cert. denied, 137 S. Ct. 106 (2016); Restrepo v. Kelly, 178 F.3d 634, 640 (2d Cir. 1999). A petitioner, however, generally cannot invoke this ground unless he first asserted an equivalent independent Sixth Amendment ineffective assistance claim in state court and exhausted his state-court remedies with respect to that claim. See, e.g., Edwards v. Carpenter, 529 U.S. 446, 451–52 (2000).

As for the prejudice requirement, the petitioner must demonstrate that counsel's errors (or any other basis invoked by the petitioner to establish cause) not only "created a possibility of prejudice, but that they worked to his actual and substantial disadvantage . . . ." United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original).

Even if a petitioner cannot establish cause and prejudice, a federal court may also excuse a petitioner's procedural default if he can show that a fundamental miscarriage of justice would result: in other words, "that he is actually innocent of the crime for which he has been convicted." Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002) (citing Schlup v. Delo, 513 U.S. 298, 321

7

(1995)). To prevail, the petitioner must put forth "new reliable evidence . . . that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup, 513 U.S. at 324.

### 4. AEDPA Standard of Review

If a state court reached the merits of a claim, a federal court may not grant a writ of habeas corpus unless the state court's adjudication of the claim either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has construed AEDPA "to give independent meaning to 'contrary [to]' and 'unreasonable.'" Jones v. Stinson, 229 F.3d 112, 119 (2d Cir. 2000).

A state court's decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412–13 (2000) (O'Connor, J., concurring). A decision involves "an unreasonable application" of clearly established federal law when a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." Id. at 413. This standard does not require that all reasonable jurists agree that the state court was wrong. Id. at 409–10. Rather, the standard "falls somewhere between 'merely erroneous and unreasonable to all reasonable jurists.'" Jones, 229 F.3d at 119 (quoting Francis S. v. Stone, 221 F.3d 100, 109 (2d Cir. 2000)).

8

AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." Jones v. Murphy, 694 F.3d 225, 234 (2d Cir. 2012) (quoting Hardy v. Cross, 132 S. Ct. 490, 491 (2011) (per curiam)). This standard is "difficult to meet." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (quoting Metrish v. Lancaster, 133 S. Ct. 1781, 1786 (2013)), reh'g denied, 134 S. Ct. 2835 (2014). A petition must show that the "state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 103.

A state court's determinations of factual issues are "presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Lynn v. Bliden, 443 F.3d 238, 246 (2d Cir. 2006). A state court's findings of fact will be upheld "unless objectively unreasonable in light of the evidence presented in the state court proceeding." Lynn, 443 F.3d at 246–47 (quoting Miller-El v. Cockrell, 537 U.S. 322, 340 (2003)). Thus, a federal court may overrule a state court's judgment only if "after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 389.

### 5. Pro Se Status

Hicks "bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated." Jones v. Vacco, 126 F.3d 408, 415 (2d Cir. 1997). But in light of his pro se status, the Court will construe his submissions liberally and interpret them "to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). However, Hicks is not excused "from compliance with relevant rules of procedural and substantive

9

law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981) (per curiam) (internal quotation marks omitted)).

### B. Claims for Relief

Again, Hicks argues that he is entitled to habeas relief on two grounds: (1) he was allegedly denied counsel at his October 30, 2007 arraignment; and (2) he allegedly received ineffective assistance of appellate counsel to the extent that appellate counsel failed to raise the first ground as an issue on direct appeal. Although it is unclear whether Hicks offers his argument regarding appellate counsel as cause to explain the procedural default of his first ground, or as an entirely separate ground for habeas relief, in an abundance of caution, the Court will construe this argument as an independent ground for relief.

Hicks also requests a hearing, if needed. As explained below, no hearing is needed, and so his request is denied.

#### 1. Hearing

In his Petition, Hicks requests a hearing if the Court deems one is necessary. Because the absence or presence of counsel at Hicks's October 30, 2007 arraignment can be resolved on the written record presently before the Court, a hearing is not warranted at this time.

#### 2. Denial of Counsel

Hicks argues that his judgment of conviction should be set aside because he was allegedly denied counsel at the October 30, 2007 arraignment on the felony complaint. (Pet. at 8.) Hicks has successfully exhausted this claim. He raised this issue in his collateral § 440.10 motion. He also sought leave to appeal the trial court's denial of this motion, which was, in turn, denied.

### *i. Procedural Default*

This claim is procedurally barred because, as the state court concluded, "[Hicks] cannot now use a CPL § 440.10 motion to collaterally challenge an issue that could have been addressed on direct appeal . . . ." (Order Denying Def.'s 440.10 Mot., Jan. 17, 2013 (citing cases).)

Hicks cannot overcome this procedural bar because he has failed to establish cause. See Coleman, 501 U.S. at 735. Hicks contends that he can establish cause, arguing that appellate counsel's failure to raise the denial of counsel claim on direct appeal constituted ineffective assistance. Hicks, however, has not exhausted this argument. See Edwards, 529 U.S. at 451–52 (2000). To properly exhaust a claim for ineffective assistance of appellate counsel, a petitioner must bring a coram nobis proceeding in state court. See Moss v. New York, No. 10-CV-5840, 2014 WL 585928, at *9 (E.D.N.Y. Feb. 12, 2014) (citing People v. Bachert, 69 N.Y.2d 593, 596 (1987)); see also Beuther v. Lefevre, No. 88-CV-2397, 1989 WL 18726, at *1 (E.D.N.Y. Feb. 15, 1989 (citing Bachert and concluding "the proper vehicle for raising [an ineffective assistance of appellate counsel] claim before the state courts is a writ of error coram nobis to the Appellate Division"). An application for a writ of error coram nobis may be initiated at any time. Moss, 2014 WL 585928, at *2. Since Hicks may still initiate a coram nobis proceeding, he has failed to exhaust his state remedies. See id.; Beuther, 1989 WL 18726.

Moreover, even if this argument were exhausted, Hicks has not established ineffective assistance. "Appellate counsel is not required to 'press nonfrivolous points, . . . if counsel, as a matter of professional judgment, decides not to present those points.'" Diaz v. Graham, No. 07-CV-5379, 2011 WL 1303924, at *3 (E.D.N.Y. Mar. 31, 2011) (quoting Jones v. Barnes, 463 U.S. 745, 751 (1983)); see also Smith v. Robbins, 528 U.S. 259, 288 (2000) ("[A]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select

from among them in order to maximize the likelihood of success on appeal."). Appellate counsel's decision not to raise claims regarding defendant's arraignment counsel may be "well within her reasonable professional discretion." Reyes v. LaValley, No. 10-CV-2524, 2013 WL 4852313, at *7 (E.D.N.Y. Sept. 10, 2013) (claiming ineffective assistance of arraignment counsel). To show ineffective assistance, a petitioner must show that "counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Gordon v. Bradt, No. 09-CV-4383, 2014 WL 1237370, at *7 (E.D.N.Y. Mar. 25, 2014) (citing Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994)). As explained below, Hicks's denial of counsel claim is utterly meritless. Accordingly, Hicks cannot show that appellate counsel pursued weaker issues on appeal while ignoring the "significant and obvious issue" that he was allegedly denied counsel at his arraignment. Hicks, thus, fails to establish ineffective assistance of appellate counsel.

Hicks also fails to show prejudice from any alleged ineffective assistance. In other words, Hicks has not demonstrated that appellate counsel's failure to raise his denial of counsel claim on direct appeal not only "created a possibility of prejudice, but that [it] worked to his actual and substantial disadvantage . . . ." United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original); see, e.g., People v. Green, 48 A.D.3d 1056 (N.Y. App. Div. 4th Dep't 2008) ("[D]efendant [thus] lost no rights and suffered no prejudice whatever because of his counsel's absence at the time of his . . . initial arraignment [because] whatever counsel could have done then on defendant's behalf, counsel was free to do thereafter.") (internal quotation marks and citation omitted); People v. Winch, 50 A.D.2d 948 (N.Y. App. Div. 3d Dep't 1975) ("Although it was error for the justice court to fail to appoint counsel for defendant upon his initial arraignment, such error was cured upon the return of the indictment . . . Furthermore, since there is no reasonable

12

possibility that the error might have contributed to defendant's conviction, it is therefore harmless.") (internal quotation marks and citations omitted).

Most importantly, and as discussed in more detail below, Hicks's claim regarding denial of counsel is utterly meritless. The record shows that Hicks was actually afforded counsel at his October 30, 2007 arraignment. It is, therefore, absurd to suggest that any appeal based on Hicks's erroneous contention that he was denied counsel at his arraignment would have established a constitutional infirmity meriting vacatur.

### ii. Merits

Even if Hicks's claim regarding denial of counsel at his arraignment were not procedurally barred, the Court would still deny it as utterly meritless. Justice Efman rejected Hicks's denial of counsel claim after reviewing the record from his October 30, 2007 arraignment and concluding that Hicks had been provided with counsel at that proceeding. (Order Denying Def.'s 440.10 Mot., Jan. 17, 2013.) This Court has similarly conducted an independent review of the record and reaches the same conclusion. The arraignment transcript, which lists Sean Dixon's appearance as Hicks's attorney and includes statements made by Dixon on Hicks's behalf, belies any suggestion that Hicks was denied counsel at the proceeding. Justice Efman's rejection of Hicks's claim was correct, and, in any event, was certainly permissible once the deferential review required by AEDPA is considered.

### 3. Ineffective Assistance of Appellate Counsel

Hicks argues that his appellate counsel's failure to raise his denial of counsel claim on direct appeal constitutes ineffective assistance. As discussed above, this argument is unexhausted because Hicks may still bring a <u>coram nobis</u> proceeding in state court. Moreover, the Court denies

13

this claim as meritless for the reasons discussed above. See 28 U.S.C. § 2254(b)(2); Ortiz, 2009 WL 3170300, at *5.

### III.  CONCLUSION

For the foregoing reasons, the Petition is denied. Petitioner's request for a hearing is also denied.  As petitioner has failed to make a substantial showing of a violation of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253(c)(2).

I certify that any appeal of this Order would not be taken in good faith, and thus in forma pauperis status is denied for the purposes of any appeal.  Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court shall enter judgment in favor of respondent, close this case, and serve notice of entry of this Order on all parties, including mailing a copy of the Order to petitioner at his last known address.

**SO ORDERED.**

Dated:  May 30, 2017
Central Islip, New York

                                                              /s/ JMA
                                                            JOAN M. AZRACK
                                                            UNITED STATES DISTRICT JUDGE